# NO. 12-17-00241-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEPHYN CORNELL PRINE,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Stephyn Cornell Prine appeals his convictions for continuous sexual abuse of a child and sexual assault of a child. In one issue, he argues that his punishment is excessive and grossly disproportionate to the crimes for which he was convicted. We affirm.

### BACKGROUND

Appellant was charged by indictment with one count of continuous sexual abuse of a child, a first degree felony punishable by not less than twenty-five years but not more than ninety-nine years or life imprisonment, and two counts of sexual assault of a child, a second degree felony, punishable by not less than two years but not more than twenty years imprisonment.

Appellant entered a plea of "not guilty" and the case proceeded to a jury trial. The jury returned a verdict of "guilty" on the continuous sexual abuse of a child count and on one of the sexual assault of a child counts. The jury assessed punishment at ninety-nine years imprisonment on the continuous sexual abuse count, and twenty years imprisonment on the sexual assault of a child count, to run concurrently. This appeal followed.

### CRUEL AND UNUSUAL PUNISHMENT

In his sole issue, Appellant argues that the ninety-nine and twenty year sentences recommended by the jury and imposed by the trial court are grossly disproportionate to the crimes committed and amount to cruel and unusual punishment. "To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver of complaint of cruel and unusual punishment under the Texas Constitution because defendant presented his argument for first time on appeal); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (defendant waived complaint that statute violated his rights under the United States Constitution when raised for first time on appeal); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] ... it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."); TEX. R. APP. R. 33.1. A review of the record indicates that Appellant did not object to the constitutionality of his sentence at the trial court level, and has, therefore, failed to preserve error for appellate review. *See Kim*, 283 S.W.3d at 475; *see also Rhoades*, 934 S.W.2d at 120; *Curry*, 910 S.W.2d at 497; *Mays*, 285 S.W.3d at 889; TEX. R. APP. P. 33.1.

Despite Appellant's failure to preserve error, we conclude his sentences do not constitute cruel and unusual punishment. The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666-67, 82 S. Ct. 1417, 1420-21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that a punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v.*

***State***, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); ***Davis***, 905 S.W.2d at 664. In this case, Appellant was convicted of continuous sexual abuse of a child and sexual assault of a child, the punishment ranges for which are twenty-five to ninety-nine years, or life imprisonment and two to twenty years imprisonment, respectively. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 21.02(h), 22.011(f) (West 2011 and West Supp. 2017). Thus, the sentences recommended by the jury and imposed by the trial court fall within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive *per se*. *See **Harris***, 656 S.W.2d at 486; ***Jordan***, 495 S.W.2d at 952; ***Davis***, 905 S.W.2d at 664.

Nevertheless, Appellant urges this Court to perform the three part test originally set forth in ***Solem v. Helm***, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. ***Id.***, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the ***Solem*** test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in ***Harmelin v. Michigan***, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., **McGruder v. Puckett***, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also **Jackson v. State***, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in ***Rummel v. Estelle*** in making the threshold determination of whether Appellant's sentences are grossly disproportionate to his crimes. 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In ***Rummel***, the Supreme Court considered the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See **id***., 445 U.S. at 266, 100 S. Ct. at 1135. In that case, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to obtain $80 worth of goods or services and the other for passing a forged check in the amount of $28.36. ***Id.***, 445 U.S. at 265-66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual

offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284-85, 100 S. Ct. at 1144-45.

In this case, the offenses committed by Appellant—continuous sexual abuse of a child and sexual assault of a child—are certainly more serious than the combination of offenses committed by the appellant in *Rummel*, while Appellant's ninety-nine year and twenty year sentences are no more severe than the life sentence upheld by the Supreme Court in *Rummell*. Thus, it is reasonable to conclude that if the sentence in *Rummell* is not constitutionally disproportionate, neither are the sentences assessed against Appellant in this case. Because we do not conclude that Appellant's sentences are disproportionate to his crimes, we need not apply the remaining elements of the *Solem* test. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered April 11, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 11, 2018**

**NO. 12-17-00241-CR**

**STEPHYN CORNELL PRINE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 3CR-16-32998)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*